UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DARE MATTHEWS,

                                              Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. CARMEN
MARTUCCIO, P.O.s  JOHN DOE #1-3, individually and
in their official capacities (the name John Doe being
fictitious, as the true names are presently unknown), THE
NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, DR. KATHERINE MALOY, DR.
ANGELA LEE, DR. ABIGAIL DAHAN, DR. SERENA
YUAN VOLPP, E.M.T. CALIN DAVID, E.M.T.
MICHAEL DISCALA, SL GREEN REALTY CORP.,
SLG 315 WEST LLC, STONEHENGE MANAGEMENT
LLC, GUS BALIDEMIC, and MANNY ROE, (the name
Roe being fictitious, as the true name is presently
unknown),

                                             Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

15 Civ 2311 (ALC)

**JURY TRIAL DEMANDED**

      Plaintiff DARE MATTHEWS, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff also asserts supplemental state law tort claims

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DARE MATTHEWS is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. That at all times hereinafter mentioned, plaintiff DARE MATTHEWS resided in an apartment building called the Olivia, located at 315 W. 33rd Street in the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants P.O. CARMEN MARTUCCIO and P.O.s JOHN DOE #1-3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their

official duties.

11. Defendant THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC") was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. That at all times hereinafter mentioned, the individually named defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP were employees, servants and/or agents of HHC and were acting under the supervision of HHC and according to their official duties.

13. Defendant THE CITY OF NEW YORK maintains the New York City Fire Department, a duly authorized public authority and/or fire department, authorized to perform all functions of a fire department as per the applicable sections of New York State law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

14. That at all times hereinafter mentioned, the individually named defendants E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA were duly sworn employees of said department and were acting under the supervision of said department and according to their official duties.

15. Defendant SL GREEN REALTY CORP. ("SL GREEN") was and is a domestic real estate investment trust, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

16. That at all times hereinafter mentioned, defendant SL GREEN owned, operated, managed, maintained, and/or controlled the Olivia.

17. Defendant SLG 315 WEST LLC ("SLG") was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting

its usual business in the State of New York.

20. 18. That at all times hereinafter mentioned, defendant SLG owned operated, managed, maintained, and/or controlled the Olivia.

19. Defendant STONEHENGE MANAGEMENT LLC ("STONEHENGE") was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

20. That at all times hereinafter mentioned, defendant STONEHENGE operated, managed, maintained, and/or controlled the Olivia.

21. That at all times hereinafter mentioned, the individually named defendants GUS BALIDEMIC and MANNY ROE were employees, servants, and/or agents of defendants SL GREEN, SLG, and/or STONEHENGE and were acting under the supervision of said organizations and according to their official duties.

22. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

23. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment.

24. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment.

## FACTS

25. On April 30, 2014, at approximately 7:00 p.m., plaintiff DARE MATTHEWS was lawfully present in the lobby of the Olivia, the building in which she resided.

26. Plaintiff DARE MATTHEWS was not behaving in a manner that would suggest to any reasonable person that she was in need of medical or psychiatric care, was mentally ill, or posed a danger to herself or others.

27. Nonetheless, at aforesaid time and place, defendants GUS BALIDEMIC and MANNY ROE called 911 and maliciously and deliberately falsely reported that plaintiff DARE MATTHEWS was out of control, hallucinating, and possibly on drugs.

28. When defendants P.O. CARMEN MARTUCCIO, P.O.s JOHN DOE #1-3, E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA arrived at the building, defendants GUS BALIDEMIC and MANNY ROE reiterated their malicious and false accusations.

29. The malicious and false accusations made by defendants GUS BALIDEMIC and MANNY ROE were ultimately conveyed to doctors at Bellevue Hospital and contributed to plaintiff DARE MATTHEWS' forced hospitalization and medication.

30. Defendants P.O. CARMEN MARTUCCIO, P.O.s JOHN DOE #1-3, E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA had ample opportunity to observe, converse with, and evaluate plaintiff DARE MATTHEWS for themselves, and did in fact observe and converse with her.

31. At no point in the presence of defendants P.O. CARMEN MARTUCCIO, P.O.s JOHN DOE #1-3, E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA did plaintiff DARE MATTHEWS behave in a manner that would suggest to any reasonable police officer or E.M.T. that she was in need of medical or psychiatric care, was mentally ill, or posed a danger to herself or others.

32. Nonetheless, defendant police officers and E.M.T.s took plaintiff DARE MATTHEWS into custody and placed her in an ambulance that transported her against her will

to Bellevue Hospital, in Manhattan, New York.

33. Defendants E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA falsified paperwork, claiming that they had examined plaintiff DARE MATTHEWS when they had not and falsely stating that she suffered from a "behavioral disorder."

34. While at Bellevue Hospital, plaintiff DARE MATTHEWS was confined against her will by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP.

35. While at Bellevue Hospital, plaintiff DARE MATTHEWS was medicated against her will by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP.

36. At no point in the presence of defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP did plaintiff DARE MATTHEWS behave in a manner that would suggest to any reasonable doctor that she was in need of psychiatric care, was mentally ill, or posed a danger to herself or others.

37. The decision by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP forcibly to confine and medicate plaintiff DARE MATTHEWS was a substantial departure from accepted judgment, practice, and standards, in that it was substantially below accepted professional judgment.

38. Defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP falsified documents in order to hospitalize plaintiff DARE MATTHEWS, to medicate her against her will, and to prolong her forced hospitalization.

39. While at Bellevue Hospital, plaintiff DARE MATTHEWS was punched in the face by an unidentified male HHC employee.

40. Plaintiff DARE MATTHEWS was held against her will at Bellevue Hospital for six days.

41. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, physical injury, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts of the municipal defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff DARE MATTHEWS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the aforementioned individual police and fire defendants in their capacities as police and fire officers, with all of the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual police and fire defendants in their capacities as police and fire officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police and Fire Departments, all under the supervision of ranking officers of said departments.

47. The acts complained of were carried out by the aforementioned individual HHC defendants in their capacities as HHC personnel, with all of the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual HHC defendants in their capacities as HHC personnel, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and HHC, all under the supervision of ranking officials of HHC.

49. Municipal defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority/public benefits corporation/not-for-profit corporation, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. As a result of the aforesaid conduct by the defendants, plaintiff DARE MATTHEWS was subjected to an illegal, improper and false arrest by the municipal defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

52. As a result of the foregoing, plaintiff DARE MATTHEWS's liberty was restricted for an extended period of time, she sustained physical injuries, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The municipal defendants issued legal process to place plaintiff DARE MATTHEWS under arrest and to hospitalize her forcibly.

55. Defendants arrested and hospitalized plaintiff DARE MATTHEWS in order to obtain collateral objectives outside the legitimate ends of the legal process.

56. These collateral objectives included, but were not limited to, filling beds at Bellevue Hospital and keeping the hospital operating in the black.

57. Defendants acted with intent to do harm to plaintiff DARE MATTHEWS without excuse or justification.

## FOURTH CLAIM FOR RELIEF
## DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. In forcibly hospitalizing and medicating plaintiff DARE MATTHEWS, the municipal defendants deprived plaintiff of her right to be afforded due process before being deprived of a liberty interest.

60. In falsifying documents, defendants deprived plaintiff DARE MATTHEWS of her right to be afforded due process.

61. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The municipal defendants arrested and hospitalized plaintiff DARE MATTHEWS in the absence of any evidence of criminal wrongdoing or mental illness, notwithstanding their knowledge that said arrest and hospitalization would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

64. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, or as doctors and hospital officials, with all the actual and/or apparent authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, EMTs, or doctors and hospital officials, pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, the New York City Fire Department, and HHC, all under the supervision of ranking officers of said departments or agencies.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC include, but are not limited to, wrongfully arresting and hospitalizing individuals who do not require in-patient mental health treatment, and falsifying documents to justify forced psychiatric hospitalizations.

67. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the facts alleged in the following civil rights actions filed against the City of New York:

- **James Edward Jones v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 2302;

- **Jeffrey Browne v. City of New York,** United States District Court, Southern District of New York, 04 Civ. 8440;

- **Jessica Wrobleski v. Bellevue Hospital**, United States District Court, Southern District of New York, 13 Civ. 8736;

- **Ira Warheit v. City of New York**, United States District Court, Southern District of New York, 02 Civ. 7345;

- **Marina Tsesarskaya v. City of New York**, United States District Court, Southern District of New York, 11 Civ. 4897;

- **Sherry Bender v. City of New York**, United States District Court, Southern District of New York, 09 Civ. 3286;

- **Marion v. LaFargue,** United States District Court, Southern District of New York, 00 Civ. 0840; and

- **Kenneth Eng v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5206.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police and Fire Departments, and HHC constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DARE MATTHEWS.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police and Fire Departments, and HHC were the direct and proximate cause of the constitutional violations suffered by plaintiff DARE MATTHEWS as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police and Fire Departments, and HHC were the moving force behind the constitutional violations suffered by plaintiff DARE MATTHEWS as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police and Fire Departments, and HHC, plaintiff DARE MATTHEWS was falsely arrested and wrongfully hospitalized and medicated.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DARE MATTHEWS.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DARE MATTHEWS' constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff DARE MATTHEWS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

    D. Not to have cruel and unusual punishment imposed upon her; and

    E. To receive equal protection and due process under the law.

75. As a result of the foregoing, plaintiff DARE MATTHEWS is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00) against all defendants except for the City of New York, jointly and severally.

## **PENDANT STATE CLAIMS**

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. On or about July 7, 2014, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York and HHC,

Notices of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

78. The City of New York and HHC have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79. HHC demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on October 15, 2014.

80. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on October 16, 2014.

81. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants caused and/or participated in the arrest of plaintiff DARE MATTHEWS, which was made without probable cause.

86. As a result of the aforesaid conduct by defendants, plaintiff DARE MATTHEWS was subjected to an illegal, improper and false arrest and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated.

87. The aforesaid actions by the defendants constituted a deprivation of plaintiff DARE MATTHEWS' rights as secured under New York State law.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. As a result of the foregoing, plaintiff DARE MATTHEWS was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated.

90. Plaintiff DARE MATTHEWS was conscious of said confinement and did not consent to same.

91. The confinement of plaintiff DARE MATTHEWS was without probable cause and was not otherwise privileged.

92. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS has suffered mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants issued and/or caused to be issued legal process to place plaintiff DARE MATTHEWS under arrest and to keep her confined.

95. Defendants participated in the arrest and confinement of plaintiff DARE MATTHEWS to obtain collateral objectives outside the legitimate ends of the legal process.

96. These collateral objectives included, but were not limited to, filling beds at Bellevue Hospital and keeping the hospital operating in the black, and punishing plaintiff DARE MATTHEWS for perceived social slights.

97. Defendants acted with intent to do harm to plaintiff DARE MATTHEWS, without excuse or justification.

98. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101. The aforementioned conduct was committed by defendants while acting within the scope of their employment.

102. The aforementioned conduct was committed by defendants while acting in furtherance of their employment.

103. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff DARE MATTHEWS.

104. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

107. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff DARE MATTHEWS.

108. The aforementioned conduct was committed by defendants while acting within the scope of their employment.

109. The aforementioned conduct was committed by defendants while acting in furtherance of their employment.

110. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

111. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Defendants' aforementioned actions placed plaintiff DARE MATTHEWS in apprehension of imminent harmful and offensive bodily contact.

113.  As a result of defendants' conduct, plaintiff DARE MATTHEWS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

114.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.  HHC defendants touched or caused plaintiff DARE MATTHEWS to be touched in a harmful and offensive manner.

116.  HHC defendants did so without privilege or consent from plaintiff DARE MATTHEWS.

117.  As a result of defendants' conduct, plaintiff DARE MATTHEWS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

118.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.  Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the employees who caused plaintiff DARE MATTHEWS to be falsely arrested and falsely imprisoned.

120.  Defendants knew, or should have known in the exercise of reasonable care, the

propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

121. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122. Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid employees who caused plaintiff DARE MATTHEWS to be falsely arrested and falsely imprisoned.

123. As a result of the foregoing, plaintiff DARE MATTHEWS is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages in the sum of five million dollars ($5,000,000.00) against all defendants except for the City of New York, jointly and severally.

**WHEREFORE**, plaintiff DARE MATTHEWS demands judgment against all defendants, jointly and severally, in the sum of five million dollars ($5,000,000.00) in compensatory damages and against all defendants except for the City of New York, jointly and severally, in the sum of five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
March 26, 2015

_____/s_____
ROSE M. WEBER (RW 0515)
30 Vesey Street, Suite 1801
New York, NY 10007
(212) 748-3355