UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DARE MATTHEWS,

            Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, DR. SERENA YUAN VOLPP, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA,

            Defendants.

------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

15 Civ 2311 (ALC)

**JURY TRIAL DEMANDED**

  Plaintiff DARE MATTHEWS, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff also asserts supplemental state law tort claims

**JURISDICTION**

  2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DARE MATTHEWS is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. That at all times hereinafter mentioned, plaintiff DARE MATTHEWS resided in an apartment building called the Olivia, located at 315 W. 33rd Street in the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, and P.O. FRANK SORENSEN were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     Defendant THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC") was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     That at all times hereinafter mentioned, the individually named defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP were employees, servants and/or agents of HHC and were acting under the supervision of HHC and according to their official duties.

13.     Defendant THE CITY OF NEW YORK maintains the New York City Fire Department, a duly authorized public authority and/or fire department, authorized to perform all functions of a fire department as per the applicable sections of New York State law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

14.     That at all times hereinafter mentioned, the individually named defendants E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA were duly sworn employees of said department and were acting under the supervision of said department and according to their official duties.

15.     That at all times hereinafter mentioned the municipal defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment.

17.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment.

**FACTS**

18. On April 30, 2014, at approximately 7:00 p.m., plaintiff DARE MATTHEWS was lawfully present in the lobby of the Olivia, the building in which she resided.

19. The Olivia was owned, operated, managed, maintained, and/or controlled by SL Green Realty Corp., SLG 315 West LLC, and/or Stonehenge Management LLC.

20. Gus Balidemic and Manny Lopez were doormen/concierges at the Olivia and were employees, servants, and/or agents of SL Green, SLG, and/or Stonehenge.

21. Plaintiff DARE MATTHEWS had accidentally locked herself out of her apartment and surveillance video shows her waiting patiently in the lobby and interacting calmly and pleasantly with Gus Balidemic and Manny Lopez.

22. Upon information and belief, Gus Balidemic and Manny Lopez disliked plaintiff DARE MATTHEWS because they felt that she had previously not been friendly enough towards them.

23. Plaintiff DARE MATTHEWS was not behaving in a manner that would suggest to any reasonable person that she was in need of medical or psychiatric care, was on drugs, was mentally ill, or posed a danger to herself or others.

24. Nonetheless, at aforesaid time and place, Gus Balidemic and Manny Lopez called 911 and maliciously and deliberately falsely reported that plaintiff DARE MATTHEWS was out of control, hallucinating, and possibly on drugs.

25. Gus Balidemic and Manny Lopez knew that the information that they provided during the 911 call was false.

26. When defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID and E.M.T. MICHAEL

DISCALA arrived at the building, Gus Balidemic and Manny Lopez reiterated their malicious and false accusations.

27. Gus Balidemic and Manny Lopez knew that the information that they provided to the police officers and EMTs was false.

28. The malicious and false accusations made by Gus Balidemic and Manny Lopez were ultimately conveyed to doctors at Bellevue Hospital and contributed to plaintiff DARE MATTHEWS' forced hospitalization and medication.

29. Defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA had ample opportunity to observe, converse with, and evaluate plaintiff DARE MATTHEWS for themselves, and did in fact observe and converse with her.

30. If defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, and P.O. FRANK SORENSEN believed that plaintiff DARE MATTHEWS was an "Emotionally Disturbed Person" ("EDP"), they would have implemented NYPD Patrol Guide procedures such as staying at least twenty feet away from her, calling in the Emergency Service Unit, and establishing a "zone of safety" to keep other building residents safely away from plaintiff.

31. Defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, and P.O. FRANK SORENSEN implemented none of these procedures because they knew that plaintiff DARE MATTHEWS was not an EDP.

32. If defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA believed that plaintiff DARE MATTHEWS was on drugs, they would have

implemented NYPD and FDNY procedures for detaining, treating, and transporting such individuals.

33. Defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA implemented none of these procedures because they knew that plaintiff DARE MATTHEWS was not on drugs.

34. At no point in the presence of defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA did plaintiff DARE MATTHEWS behave in a manner that would suggest to any reasonable police officer or E.M.T. that she was in need of medical or psychiatric care, was on drugs, was mentally ill, or posed a danger to herself or others.

35. Under Mental Hygiene Law § 9.41, a police officer may only take into custody a person who appears to be mentally ill if the person "is conducting himself or herself in a manner which is likely to result in serious harm to the person or others."

36. Nonetheless, defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA took plaintiff DARE MATTHEWS into custody and placed her in an ambulance that transported her against her will to Bellevue Hospital, in Manhattan, New York.

37. Defendants E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA falsified paperwork, claiming that they had examined plaintiff DARE MATTHEWS when they had not and falsely stating that she suffered from a "behavioral disorder."

38. Defendants E.M.T. CALIN DAVID and E.M.T. MICHAEL DISCALA further falsified paperwork, claiming that plaintiff DARE MATTHEWS had refused to speak with them,

while simultaneously listing plaintiff's medications, which they could have known only by speaking with her.

39. Defendant E.M.T. MICHAEL DISCALA had previously perjured himself repeatedly in a deposition concerning the death of Jesus Santiago, who was mowed down by an ambulance in which defendant was riding.

40. Defendant THE CITY OF NEW YORK knew or should have known about defendant Discala's propensity for dishonesty and false reporting.

41. While at Bellevue Hospital, plaintiff DARE MATTHEWS was confined against her will by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP.

42. While at Bellevue Hospital, plaintiff DARE MATTHEWS was medicated against her will by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP.

43. Confinement in a Comprehensive Psychiatric Emergency Program under Mental Hygiene Law § 9.40 and emergency psychiatric admission under Mental Hygiene Law § 9.39 are only permitted where the individual has a mental illness "which is likely to result in serious harm to himself or others."

44. At no point in the presence of defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP did plaintiff DARE MATTHEWS behave in a manner that would suggest to any reasonable doctor that she was in need of psychiatric care, was mentally ill, or posed a danger to herself or others.

45. The decision by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP forcibly to confine and medicate

plaintiff DARE MATTHEWS was a substantial departure from accepted judgment, practice, and standards, in that it was substantially below accepted professional judgment.

46. Upon information and belief, the decision by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP forcibly to confine and medicate plaintiff DARE MATTHEWS was caused, at least in part, by pressure on them to fill beds at Bellevue and thereby both bolster HHC's shaky financial position and safeguard their own positions there.

47. HHC incurred an operating loss of $708.3 million in the 2013-14 fiscal year.

48. On February 24, 2014, HHC president Alan Aviles told City Council that HHC's operating deficit was expected to grow to $1.4 billion in the next four years.

49. Defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP falsified documents and/or gave false testimony in order to hospitalize plaintiff DARE MATTHEWS, to medicate her against her will, and to prolong her forced hospitalization.

50. For instance, defendant DR. KATHERINE MALOY wrote in plaintiff DARE MATTHEWS' medical chart that plaintiff met the standard for involuntary commitment and that plaintiff "appears to have substances on board" without ever having seen, met, or spoken with plaintiff.

51. For instance, defendant DR. KATHERINE MALOY also wrote in plaintiff DARE MATTHEWS' medical chart that plaintiff was "internally stimulated and smiling inappropriately" when in fact the television was on and plaintiff was watching it and was laughing at the Jerry Springer show.

52. For instance, defendant DR. ANGELA LEE wrote in plaintiff DARE MATTHEWS' medical chart that plaintiff had "prominent signs of intoxication" without noting what those signs allegedly were and despite the fact that plaintiff displayed no signs whatsoever of intoxication.

53. For instance, defendant DR. ABIGAIL DAHAN wrote in plaintiff DARE MATTHEWS' medical chart that plaintiff's mother "is very concerned that [plaintiff's] abrupt change in behavior could be due to ingestion/intox/being drugged," when what plaintiff's mother had actually said was that she was concerned that Bellevue had drugged (i.e., medicated) her daughter.

54. For instance, defendant DR. SERENA YUAN VOLPP wrote in plaintiff DARE MATTHEWS' medical chart that plaintiff suffered from "ideas of reference or influence" and "paranoid ideation."

55. The bases for these notations were that plaintiff stated that her Twitter account had been hacked, and that plaintiff was allegedly obsessed with the Los Angeles Clippers.

56. In fact, plaintiff's Twitter account had been hacked, as defendant DR. SERENA YUAN VOLPP could have seen by looking at plaintiff's phone.

57. In fact, plaintiff is a huge Clippers fan and was receiving frequent updates on her phone about the Donald Sterling scandal, which had just become public.

58. Defendant DR. SERENA YUAN VOLPP deliberately combined and distorted these facts in order to make it appear that plaintiff was paranoid and that she believed that her phone was controlling her thoughts.

59. Indeed, when defendant DR. SERENA YUAN VOLPP testified under oath at a hearing to determine whether plaintiff DARE MATTHEWS would remain involuntarily

committed, Dr. Volpp falsely stated: "She was preoccupied with the L.A. Clippers coach [sic] and racist statements that he had made, and felt that this was somehow connected to her changes that she noticed in her telephone, and thought that this was related to her phone having been hacked."

60. Defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP issued and/or participated in the issuance of medical certifications and other legal process in order to hospitalize plaintiff DARE MATTHEWS, to medicate her against her will, and to prolong her forced hospitalization.

61. The false notations, documentation, and certifications made in plaintiff's medical records by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP were the direct cause of plaintiff's continued confinement at Bellevue Hospital.

62. While at Bellevue Hospital, plaintiff DARE MATTHEWS was punched in the face by an unidentified male HHC employee.

63. Plaintiff DARE MATTHEWS was held against her will at Bellevue Hospital for six days.

64. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, physical injury, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF
### FALSE ARREST AND IMPRISONMENT UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. As a result of the aforesaid conduct by defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, DR. SERENA YUAN VOLPP, E.M.T. CALIN DAVID, and E.M.T. MICHAEL DISCALA, plaintiff DARE MATTHEWS was subjected to an illegal, improper and false arrest and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

67. As a result of the foregoing, plaintiff DARE MATTHEWS's liberty was restricted for an extended period of time, she sustained physical and emotional injuries, she was put in fear for her safety, and she was humiliated, without probable cause.

## SECOND CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP issued legal process to seize plaintiff DARE MATTHEWS and to hospitalize her forcibly.

70. Defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP seized and hospitalized plaintiff DARE MATTHEWS in order to obtain collateral objectives outside the legitimate ends of the legal process.

71. These collateral objectives included, but were not limited to, filling beds at Bellevue Hospital and keeping the hospital operating in the black in order to safeguard their positions there.

72. Defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP acted with intent to do harm to plaintiff DARE MATTHEWS without excuse or justification.

### THIRD CLAIM FOR RELIEF
### DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. In causing and/or participating in the forced hospitalization and medication of plaintiff DARE MATTHEWS, defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP deprived plaintiff of her right to be afforded due process before being deprived of a liberty interest.

75. In falsifying documents, defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP deprived plaintiff DARE MATTHEWS of her right to be afforded due process.

76. In violating Mental Hygiene Laws § 9.39 and/or § 9.40, defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP deprived plaintiff of her right to be afforded due process before being deprived of a liberty interest.

77. The decision by defendants DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP to confine and medicate plaintiff DARE MATTHEWS fell so far below generally accepted medical standards as to deprive plaintiff of due process of law.

78. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Each and every individual NYPD defendant had an affirmative duty to intervene on plaintiff DARE MATTHEWS' behalf to prevent the violation of her constitutional rights.

81. The individual NYPD defendants failed to intervene on plaintiff DARE MATTHEWS' behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

82. As a result of the aforementioned conduct of the individual NYPD defendants, plaintiff's constitutional rights were violated and she was subjected to false arrest, unlawful seizure, deprivation of due process, and false imprisonment.

83. All of the foregoing acts by defendants deprived plaintiff DARE MATTHEWS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

    D. Not to have cruel and unusual punishment imposed upon her; and

    E. To receive equal protection and due process under the law.

84. As a result of the foregoing, plaintiff DARE MATTHEWS is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) against all defendants,

jointly and severally, and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00) against all defendants except for the City of New York, jointly and severally.

## **PENDANT STATE CLAIMS**

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. On or about July 7, 2014, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York and HHC, Notices of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

87. The City of New York and HHC have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

88. HHC demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on October 15, 2014.

89. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on October 16, 2014.

90. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

91. Plaintiff has complied with all conditions precedent to maintaining the instant action.

92. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants P.O. CARMEN MARTUCCIO, SGT. JAMES FILLS, P.O. ROGER EVERT, P.O. FRANK SORENSEN, E.M.T. CALIN DAVID, and E.M.T. MICHAEL caused and/or participated in the arrest of plaintiff DARE MATTHEWS, which was made without probable cause.

95. As a result of the aforesaid conduct by these defendants, plaintiff DARE MATTHEWS was subjected to an illegal, improper and false arrest and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated.

96. The aforesaid actions by these defendants constituted a deprivation of plaintiff DARE MATTHEWS' rights as secured under New York State law.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. As a result of the aforementioned conduct by all of the individual defendants, plaintiff DARE MATTHEWS was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated.

99. Plaintiff DARE MATTHEWS was conscious of said confinement and did not consent to same.

100. The confinement of plaintiff DARE MATTHEWS was without probable cause and was not otherwise privileged.

101. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS has suffered mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

104. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

105. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

106. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff DARE MATTHEWS.

107. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

110. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff DARE MATTHEWS.

111. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

112. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

113. As a result of the aforementioned conduct, plaintiff DARE MATTHEWS suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

114. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. The aforementioned actions of all of the individual defendants placed plaintiff DARE MATTHEWS in apprehension of imminent harmful and offensive bodily contact.

116. As a result of defendants' conduct, plaintiff DARE MATTHEWS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

117. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP, and currently unidentified HHC employees touched or caused plaintiff DARE MATTHEWS to be touched in a harmful and offensive manner.

119. DR. KATHERINE MALOY, DR. ANGELA LEE, DR. ABIGAIL DAHAN, and DR. SERENA YUAN VOLPP, and currently unidentified HHC employees did so without privilege or consent from plaintiff DARE MATTHEWS.

120. As a result of this conduct, plaintiff DARE MATTHEWS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

**WHEREFORE**, plaintiff DARE MATTHEWS demands judgment against all defendants, jointly and severally, in the sum of five million dollars ($5,000,000.00) in compensatory damages and against all defendants except for the City of New York, jointly and severally, in the sum of five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         October 13, 2017

_____/s_____
ROSE M. WEBER (RW 0515)
30 Vesey Street, Suite 1801
New York, NY 10007
(212) 748-3355